MARGARETE STEIFF v. BING.

(Circuit Court of Appeals, Second Circuit. June 14, 1913.)

No. 279.

1. COURTS (§ 322*)—CITIZEN OF STATE—ALLEGATIONS OF BILL.

Description of defendant in the bill as "a citizen of the United States and a resident * * * of the * * * state of New York" is a sufficient statement of his being a citizen of that state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881, 887; Dec. Dig. § 322.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 95*) — UNFAIR COMPETITION — IMITATION.

The bill charging that defendant shows prospective customers toys made by complainant as samples of what defendant's principals manufacture, and it being shown that complainant's toys are copied by defendant's principals in unnecessary features, the natural explanation of which is an attempt to impress the public that they are buying complainant's toys, injunction pendente lite will be granted.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Margarete Steiff, a German corporation, against John Bing. From an order granting a preliminary injunction, defendant appeals. Affirmed.

Following is the opinion of Ward, Circuit Judge, in the District Court:

[1] The description of the defendant in the bill is singular, viz.: "A citizen of the United States and a resident and inhabitant of the borough of Manhattan, city, county, and state of New York." It has been held not enough to describe a party as a citizen of the United States; the proper course being to say of what state he is a citizen. Picquet v. Swan, 5 Mason, 35, Fed. Cas. No. 11,134; Wilson v. City Bank, 3 Sumn. 422, Fed. Cas. No. 17,797; Merserole v. Paper Collar Co., 6 Blatchf. 356, Fed. Cas. No. 9,488. The fourteenth amendment to the Constitution provides: "Sec. 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside." Argumentatively, therefore, the statement that the defendant is a citizen of the United States is a statement that he was either born or naturalized in the United States, and, as he resides in the state of New York, that he is a citizen of that state. If he is not a citizen of some state, the court is without jurisdiction.

[2] The bill charges that the defendant shows jobbers who are intending customers toy animals made by the complainant as samples of what his German principals manufacture. It is shown that certain of the complainant's toys are copied by the defendant's principals most accurately and in special features which are unnecessary, such as, for example, the peculiar pattern of the wheels, the inaccurate position of the elephant's tusks, and the peculiar marking and attitude of the complainant's horse. Why does the defendant use the complainant's toys as samples to sell from, and not the Bing toys, and why do his principals manufacture toys in accurate imitation of the complain-

ant's? The natural explanation is, in order to at least let the public buy the Bing toys under the impression that they are the complainant's. We have gone very far in this circuit in the way of enjoining unnecessary imitation of features which are nonfunctional. See Rushmore v. Manhattan Works, 163 Fed. 939, 90 C. C. A. 299, 19 L. R. A. (N. S.) 269; Rushmore v. Badger Co., 198 Fed. 379, 117 C. C. A. 255.

The complainant may have a very narrow injunction pendente lite.

Jacob Newman and A. Benedict, both of New York City (Leon N. Futter, of Brooklyn, N. Y., of counsel), for appellant.

A. von Briesen and Hans von Briesen, both of New York City, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. Order affirmed with costs, on the opinion of the court below.

---

## THE WM. E. GLADWISH.

### THE NEWBURGH.

(Circuit Court of Appeals, Second Circuit. June 27, 1913.)

### No. 259.

COLLISION (§ 93*)—STEAM VESSELS CROSSING—STARBOARD HAND RULE.

A tug passing up the Hudson river *held* in fault for a collision with a ferryboat crossing on such a course as to make the tug the favored vessel under the starboard hand rule, on the ground that after giving the crossing signal she changed her course, in violation of article 21 of the Inland Rules (30 Stat. 96 [U. S. Comp. St. 1901, p. 2883]).

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 194, 195; Dec. Dig. § 93.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by the West Shore Railroad Company, owner of the ferryboat Newburgh, against the steam tug William E. Gladwish, Elmer A. Keeler, claimant, with cross-libel. Decree for libelant, and claimant appeals. Affirmed.

D. L. Berier and James J. Macklin, both of New York City, for appellant.

Barry, Wainwright, Thacher & Symmers, of New York City (A. G. Thacher, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. Libel and cross-libel for collision. March 7, 1911 at 6:20 p. m. the ferryboat Newburgh left her slip at Weehawken, N. J., bound for Forty-Second street, N. Y. The tide was running strong ebb. At the same time the tug W. E. Gladwish was coming up the New York side of the river on a course, as her witnesses say, 300 to 400 feet off the pier line. When about 1,000 feet off the end of Pier 83 at the foot of West Forty-Third street, the ferry-