JOSEPH L. KALLUS, Doing Business under the Firm Name and Style of CAMEO DOLL COMPANY, Appellant, *v.* BIMBLICK TOY MFG. Co., INC., Defendant, Impleaded with JOSEPH BIMBLICK Individually and Doing Business under the Trade Name of BIMBLICK TOY COMPANY, Respondent.

First Department, April 11, 1930.

*Thomas McErlean* of counsel [*Briesen & Schrenk,* attorneys], for the appellant.

*Asher Blum* of counsel [*Mock & Blum,* attorneys], for the respondent.

SHERMAN, J. Plaintiff is a doll manufacturer who after two years' experimentation placed upon the market a doll which he called the " Margie " doll. The head of this doll is constructed with a groove which permits a ribbon to be tied around the head so that it will not readily fall off. It has a somewhat grotesquely shaped head and its expression is that of a winsome, smiling little girl. The arms and legs are composed of wooden segments held together by an elastic cord which permits the bending in any direction. The doll's body is not normal but pear-shaped. The legs, ankles and feet are flexible. This doll was first sold in December, 1928, and has been widely and extensively dealt in and has become known in the trade as " The Margie Doll." Plaintiff has obtained a copyright upon this doll and his application for a design patent has been allowed by the United States Patent Office.

Defendant produced a doll which is substantially an exact copy of this doll. It has the same height, size and proportions. It appears to be more cheaply constructed than the " Margie " doll and the finish of samples produced is lacking in quality. Thus defendant is able to sell its product more cheaply than plaintiff. Plaintiff's customers are very likely to refuse to purchase and carry plaintiff's doll when they know that such a cheap imitation is on sale at other stores.

At first defendant gave his doll no name but recently he named it the " Bettie " doll. There is evidence to the effect that defendant tried to sell his product as the " Margie " doll at one-half the price charged by plaintiff.

Defendant asserts that he has been manufacturing the doll for about one year, having apparently done so on the assumption that plaintiff's doll was not protected by design patent or by copyright. He does not claim to have originated the doll; clearly it is a copy of plaintiff's design.

The mere fact that defendant now uses a pasteboard container in which the doll is delivered to the retailer which is entirely different in color and wording from that used by plaintiff does not help defendant here. The final purchaser buys a doll because of its

appearance and not by the appearance of the carton in which it may be placed.

Undoubtedly, defendant's intent was to invade the field in which plaintiff had been offering his product and by copying it to sell his product as if it were the " Margie " doll.

Under these circumstances plaintiff is entitled to a temporary injunction restraining this unfair competition. (*Steiff* v. *Bing*, 206 Fed. 900; *Dutton & Co.* v. *Cupples*, 117 App. Div. 172.) The order should be reversed, with ten dollars costs and disbursements, and the motion for a preliminary injunction granted.

Dowling, P. J., Merrell, McAvoy and O'Malley, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for preliminary injunction granted. Settle order on notice.